IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. FOREHAND, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-780-JJF |
| WARDEN PHIL MORGAN and COMMISSIONER CARL DANBERG, | : |
| Defendants. | : |

Kevin L. Forehand, Pro se Plaintiff.  Howard R. Young Correctional Facility, Wilmington, Delaware

**MEMORANDUM OPINION**

June 4, 2009
Wilmington, Delaware

**Farnan, District Judge** *(Joseph J. Farnan Jr., signature)*

Plaintiff Kevin L. Forehand ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will also deny Plaintiff's request to be relieved of the filing fee. (D.I. 7.) Finally, the Court will deny as moot, Plaintiff's Request For Counsel and Motion To Compel. (D.I. 10, 12.)

## I. BACKGROUND

Plaintiff was assaulted by a fellow inmate. The inmate who assaulted Plaintiff was a sentenced inmate; Plaintiff was not. Plaintiff received a disciplinary report and plead guilty. Plaintiff complains that the vision in his left eye has worsened since the incident and that he sought medical attention, to no avail. He alleges that he is beginning to have problems with his right eye, too. Commissioner Carl Danberg ("Commissioner Danberg") and Warden Phil Morgan ("Warden Morgan") are named as Defendants.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915

2

provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008). The Court must accept all factual allegations in a complaint as true and consider them in the light most favorable to Plaintiff. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the

3

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127

4

S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

Named as Defendants are Commissioner Danberg and Warden Morgan, apparently because of their supervisory positions. The Complaint, however, contains no allegations directed towards them. As is well established, liability in a § 1983 action cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). However, a plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the

act or omission and the ultimate injury. Id. Additionally, in order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

There is nothing in the Complaint to indicate that either Commissioner Danberg or Warden Morgan were the "driving force [behind]" Plaintiff's alleged constitutional violations. Moreover, the Complaint does not indicate that Defendants were aware of Plaintiff's allegations and remained "deliberately indifferent" to his plight. Sample v. Diecks, 885 F.2d at 1118. Indeed, the Complaint contains absolutely no allegations directed toward Defendants. Accordingly, the Court will dismiss the claims as they have no arguable basis in law or in fact.

## IV. FILING FEE

Plaintiff, who is indigent, asks for a waiver of fees in the case. (D.I. 7.) Section 1915 provides that if a prisoner brings a civil action in forma pauperis, he shall be required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff opted to file this lawsuit, and he is required by statute to pay the filing fee. 28 U.S.C. § 1914; 28 U.S.C. § 1915. Accordingly, the Court will deny his Request.

## V. CONCLUSION

For the above reasons, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Plaintiff's Request For Counsel and Motion To Compel will be denied as moot. Also, the Court will deny Plaintiff's Request to be relieved of the filing fee. An appropriate Order will be entered.